IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARCUS RAMOS, | CASE NO. 1:17 CV 2589 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| | MEMORANDUM OF OPINION |
| LORAIN COUNTY CHILDREN SERVICES, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Marcus Ramos filed the above-captioned action against Lorain County Children Services ("LCCS") and the State of Ohio. In the Complaint, Plaintiff alleges his children were removed from their home after Plaintiff committed domestic violence. He contests this decision and seeks $ 400,000.00 in damages.

**Factual and Procedural Background**

Plaintiff indicates he was arrested for domestic violence on March 31, 2017. He states he was released and the charges were dropped on April 3, 2017. He contends he had surgery on March 30, 2017, and was taking Oxycodone when the domestic violence incident occurred. He alleges the medication also prevented him from focusing on his daughters' schooling or daycare, his new apartment, and his soon-to-be-born son. LCCS became involved over concerns for the health and safety of the children.

New criminal charges were filed against Plaintiff, possibly as a result of an altercation with an LCCS employee. He moved from Lorain County to Mahoning County under the belief that LCCS could not pursue its investigation but LCCS still continued to maintain jurisdiction over the children's case. He attempted to obtain a protection order against LCCS case worker to prevent them from continuing to contact him or the children. He mistakenly believed that serving his Motion for a Protection Order on the Defendant automatically triggered the remedy he sought, unless and until the Judge denies it. He states, without explanation, that he "was trapped in [a] criminal case" because he was trying to protect his children. (ECF No. 1 at 3).

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be

2

sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

## Discussion

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The

citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded Complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff indicates he resides in Ohio. The Defendants are both the State of Ohio and an Ohio County Agency. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, suggests that all parties to this action are citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-Complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal

4

law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* Plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff does not identify a federal law he believes the Defendant to have violated and none is suggested on the face of the Complaint. He challenges the LCCS's decision to remove his children from their home, which may or may not be the Plaintiff's home as well. Child custody issues are a matter or state law. Moreover, to meet basic notice pleading requirements, the Complaint must give the Defendant fair notice of what the Plaintiff's legal claims are and the grounds upon which they rests. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint does not set forth a viable legal cause of action upon which federal jurisdiction can be based.

Moreover, even if Plaintiff had established a basis for federal court jurisdiction, this Court would be unable to entertain this case. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by

5

maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

If the juvenile court case is still pending, all three factors supporting abstention are present. Child custody matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in

the state juvenile action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state juvenile court action.

Finally, Plaintiff cannot challenge his state criminal conviction by filing a civil action in federal court. In order to recover damages for allegedly unconstitutional conviction, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, Plaintiff must prove that the conviction has been reversed on direct appeal, or called into question by a federal Court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction that has not been invalidated is not cognizable. Here, Plaintiff contends he served caseworkers from LCCS with his Motion for a Protection Order and took actions he believed he was authorized to do. These actions led to criminal charges. Lorain County Common Pleas Court dockets indicate Plaintiff pled guilty to charges of intimidation, retaliation, telecommunications harassment, and inducing panic. He was sentenced to 2 years of probation on November 29, 2017. *See State of Ohio v. Ramos*, No. 17CR096626 (Lorain Cty Ct. Comm Pl. indict filed July 20, 2017). If this Court were to find he was justified in taking the actions he did, it would call into question the validity of his conviction. His conviction has not been overturned. He could not proceed with this action even if the Court had jurisdiction over this case.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: April 9, 2018

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

8